**Konrad L. Trope** (California SBN: 133214)
TROPE LAW GROUP, P.C.
5737 Kanan Rd., #585
Agoura Hills, CA 91301
Phone: (818) 575-7423
Email: ktrope@tropelawgroup.com

Attorneys for Plaintiff Konrad L. Trope

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KONRAD L. TROPE, a resident of the State of California,<br><br>                                   Plaintiff,<br><br>vs.<br><br>KYRIACOS TSIRCOU, a resident of the State California; TSIRCOU LAW, a California professional corporation, dba Tsircou Intellectual Property Law, MARIKA TSIRCOU, a resident of the State of California; and DOES 1 through 10, inclusive,<br><br>                                   Defendants. | Case No: _____<br><br>**COMPLAINT FOR:**<br>(1) Breach of Written Contract;<br>(2) Breach of Oral Contract;<br>(3) Violations of the Racketeering Influence and Corrupt Organizations Act ("RICO") 18 U.S.C. § § 1961 *et seq*. (wire fraud);<br>(4) Violations of the Racketeering Influence and Corrupt Organizations Act ("RICO") 18 U.S.C. § § 1961 *et seq*. (conversion);<br>(5) Intentional Misrepresentation (Fraud)<br>(6) Negligent Misrepresentation<br>(7) Conversion<br>(8) Voidable Transaction – California Civil Code Section 3439.04(a)(1)<br>(9) Voidable Transaction – California Civil Code Section 3439.04(a)(2)<br>(10) Voidable Transaction – California Civil Code Section 3439.05<br>(11) Unjust Enrichment<br><br>**JURY DEMAND** |

RICO COMPLAINT

**COMES NOW**, Plaintiff KONRAD L. TROPE, presenting his complaint for various claims for relief as follows:

## THE PARTIES

1.     Plaintiff Konrad L. Trope, is a resident of the State of California, County of Los Angeles and is licensed to practice before all courts within the State of California, both Federal and State.

2.     Defendant Kyriacos Tsircou, is a resident of the State California, County of Ventura. Defendant Tsircou is an attorney licensed by the State of California, holding State Bar license No. 209905.

3.     Defendant Tsircou Law, is a California professional corporation, doing business as Tsircou Intellectual Property Law, a Professional Corporation with California Corporation #2957343.

4.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendant Marika Tsircou, a resident of the State of California and is the wife of Defendant Kyriacos Tsircou. Furthermore, Plaintiff is informed and believes and thereon alleges that Defendant Marika Tsircou is involved in the acts complained of herein.

5.     The true names and capacities of the Defendants sued in this Complaint as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to set forth the true names and capacities of DOES 1 through 10, inclusive, when they have been ascertained or at the time of trial herein.  Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named Defendants participated in some manner in the events and occurrences referred to hereinafter and/or proximately caused the damages complained of herein.

6.     Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, each of the Defendants (including *inter alia*, the fictitiously

RICO COMPLAINT

named Defendants) was the agent, servant, employee or co-conspirator of each of the other Defendants, and doing the things herein alleged, was acting in the scope of his, her, or its actual, apparent or special authority as such agent, servant, employee or co-conspirator, and with the permission or consent of each such co-Defendant.

7.      Plaintiff is further informed and believes, and upon such information and belief alleges that each of the Defendants including DOES 1-10, inclusive, were at all times herein mentioned acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

8.      At all times mentioned herein, Defendants and each of them, were an owner, co-owner, agent, representative, partner and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining Defendant, and in doing the things herein after alleged, were acting within the course and scope of their authorities as an owner, co-owner, co-owner, agent, representative, partner and/or alter ego of its co-defendants, with the full knowledge, permission and consent of each and every remaining Defendant, each co-defendant having ratified and approved the acts of the other co-defendants.

9.      Wherever appearing in this Complaint each and every reference to Defendants or to any of them is intended to be and shall be a reference to all Defendants hereto and to each of them named and unnamed including all factiously named Defendants unless said reference is otherwise specifically qualified.

**JURISDICTION AND VENUE**

10.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1138(a) because federal questions are predicated on violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § § 1961-1968, *et. seq*. The RICO claims are predicated upon violations of 18 U.S.C. § § 1962 and 1964. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the non-federal question claims for breach of contract, fraud and

conversion arose from the same nucleus of operative facts and thus are inextricably linked to and arise from the same core set of facts.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because Plaintiff maintains his business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district, and all monies due to Plaintiff from Defendants were due and payable in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

12.     In or about October 2018, Defendant Kyriacos Tsircou, the sole shareholder, partner and equity owner of Tsircou Law, dba Tsircou Intellectual Property Law ("TIPL") retained the services of Plaintiff Konrad L. Trope ("Trope") to be "of counsel" and provide ongoing services to TIPL.

13.     A written contract (the "Contract") was executed between Plaintiff Trope and TIPL which reflected that Plaintiff Trope would be paid at a rate of $175.00 per hour for every hour which TIPL billed and collected from its clients.

14.     In addition, TIPL was to provide malpractice insurance as well as office space so Plaintiff Trope could perform his duties. A true and correct copy of that Contract is attached hereto and incorporated herein as Exhibit "1".

15.     In addition, various representations and warranties concerning Plaintiff Trope's compensation were exchanged by phone, over the wires, between Defendants and Plaintiff Trope including but not limited to the compensation rate which was later raised to $275.00.  Indeed, the above referenced contract found as Exhibit "1" was transmitted by Defendants to Plaintiff Trope over the wires, via email.

16.     From October 2018 until November 2022, Plaintiff Trope worked prodigious hours for TIPL. The Contract attached hereto as Exhibit "1" stated that Defendant was to pay Plaintiff Trope for the hours he worked and billed upon being paid by the clients for which Plaintiff Trope performed services through

TIPL. A true and correct breakdown of the hours Plaintiff Trope billed during his entire tenure at TIPL is attached hereto and incorporated herein as Exhibit "2".

17.     Beginning in or about August 2021, Plaintiff Trope made repeated requests for payment, by email, and by text, as well as orally, and Defendant Kyriacos Tsircou acknowledged the money was owed and that he was working on collections to obtain the funds, repeatedly assuring Plaintiff Trope that monies were forthcoming.  See emails and texts attached hereto and incorporated herein as Exhibit "3". Defendant Kyriacos Tsircou made partial payments to Plaintiff Trope for the amounts due and owing but never paid the balance in full that was due and owing.

18.     Then in or about March 2022, Defendant Kyriacos Tsircou asked Plaintiff Trope to represent his wife, Defendant Marika Tsircou, in a civil harassment case, in which Defendant Marika Tsircou was being stalked by a former handyman who had worked at their home in Bell Canyon, California (the "Civil Harassment Case").

19.     Defendant Kyriacos Tsircou, in multiple emails, texts and orally, assured Plaintiff Trope that he would compensate Plaintiff Trope for the work performed. As a result of Plaintiff Trope's representation of Marika Tsircou in the Civil Harassment Case, not only was a permanent restraining order for three years against Defendant Marika Tsircou's stalker obtained, but Plaintiff Trope also successfully tried the case and had the stalker convicted on all counts.

20.     Plaintiff Trope then added the hours incurred for handling Defendant Marika Tsircou's stalker case to his invoices for work performed for TIPL on intellectual property matters. Defendant Kyriacos Tsircou never objected and assured Plaintiff Trope multiple times in writing and orally that he was working to collect funds for payment.

///

///

RICO COMPLAINT

21.    Then in November 2022, Defendant Kyriacos Tsircou announced that TIPL was broke and did not have sufficient funds to maintain its offices at 29922 Calabasas Rd., Suite 323A, Calabasas, CA 91302.

22.    Plaintiff Trope was dismayed and immediately moved out of the office suite. Despite Defendant Kyriacos Tsircou making an additional partial payment of $5,000, Defendant Kyriacos Tsircou still owes Plaintiff Trope the sum of $75,000, which to date has not been paid despite repeated requests. See Exhibit "4" attached hereto and incorporated herein. Furthermore, it was reasonable for Plaintiff Trope because of Defendant Kyriacos Tsircou's prior payments to rely to his detriment on Defendant Kyriacos Tsircou's false representations that payment would be forthcoming.

23.    Plaintiff Trope later learned that Defendant Kyriacos Tsircou had collected the funds sufficient to pay the outstanding balance to Plaintiff Trope, nevertheless instead Defendant Kyriacos Tsircou was spending that money to remodel his family home of over 5,400 square feet, worth over $3 million, located in Bell Canyon, California. In addition, during the period of 2021 - 2022, while monies were owed to Plaintiff Trope, and despite Defendant Kyriacos Tsircou stating there were insufficient funds to pay him, Defendant Kyriacos Tsircou went on expensive trips to Sun Valley, Idaho (ski resort), Hawaii, and Disneyland, posting photos of these very expensive trips on Facebook. See Exhibit "5".

24.    In addition, Defendant Kyriacos Tsircou bought his wife, Defendant Marika Tsircou, a diamond ring, in excess of 5 carats, which arguably retails for over $50,000.

25.    Thus, Defendant Kyriacos Tsircou clearly had the funds to pay Plaintiff Trope and despite promises to do so, spent the money that should have been paid to Plaintiff Trope on remodeling his home, taking expensive trips with his family and buying his wife a 5-carat diamond ring.

RICO COMPLAINT

**FIRST CLAIM FOR RELIEF**

[Breach of Written Contract]

AS AND FOR A FIRST CLAIM FOR RELIEF FOR BREACH OF WRITTEN CONTRACT AGAINST DEFENDANTS TIPL, AND KYRIACOS TSIRCOU AND DOES 1 THROUGH 10, PLAINTIFF ALLEGES:

26.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 25, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full herein.

27.    There existed written contracts between Plaintiff and Defendants, and each of them, the terms of which are set forth at Paragraphs 12 through 15, above and on Exhibits "1" attached hereto.

28.    Plaintiff has fulfilled all terms, conditions and covenants required by him under the written contracts described hereinabove.

29.    Defendants have failed to perform the various material covenants, terms and conditions required of them under the written contracts as set forth hereinabove.  Thus, Defendants are in material breach of the written contracts between the parties.

30.    As a result of Defendants' breach of the terms and conditions of the written contracts and invoices between Plaintiff and Defendants, and each of them, Plaintiff has been damaged in at least the sum of Seventy-Five Thousand Dollars ($75,000) or according to proof at the time of trial, together with interest thereon under California law accruing from and after the payment date set forth on each invoice attached hereto as Exhibits "2".

31.    Plaintiff has employed Trope Law Group, P.C., a duly licensed and registered California professional corporation to file and prosecute this action and has been obligated to pay said law corporation a fee for the services rendered by it to Plaintiff at the rate of $750 per hour pursuant to its Retainer Agreement.

# SECOND CLAIM FOR RELIEF

[Breach of Oral Contract]

AS AND FOR A SECOND CLAIM FOR RELIEF FOR BREACH OF ORAL CONTRACT AGAINST DEFENDANTS TIPL, KYRIACOS TSIRCOU, MARIKA TSIRCOU AND DOES 1 THROUGH 10, PLAINTIFF ALLEGES:

32.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full herein.

33.     There existed oral contracts between Plaintiff and Defendants, and each of them, the terms of which are set forth at Paragraphs 2 through 15, above and memorialized in Exhibit "1" attached hereto.

34.     Plaintiff has performed all terms, conditions and covenants required by him under the oral contracts described hereinabove and memorialized in Exhibit "1" attached hereto.

35.     Defendants have failed to perform the various material covenants, terms and conditions required of them as set forth hereinabove pursuant to the oral contracts (which are memorialized in Exhibits "1" and "2" hereto).  Thus, Defendants are in material breach of the oral contracts between the parties.

36.     As a result of Defendants' breach of the terms and conditions of the oral agreements and invoices between Plaintiff and Defendants, and each of them, Plaintiff has been damaged in at least the sum of Seventy-Five Thousand Dollars ($75,000) or according to proof at the time of trial together with interest thereon under California law accruing from and after the payment date set forth on each invoice attached hereto as Exhibit "2".

37.     Plaintiff has employed Trope Law Group, P.C., a duly licensed and registered California professional corporation to file and prosecute this action and has been obligated to pay said law corporation a fee for the services rendered by it to Plaintiff at the rate of $750 per hour pursuant to its Retainer Agreement.

**THIRD CLAIM FOR RELIEF**

[Violations of the Racketeering Influence and Corrupt

Organizations Act ("RICO") 18 U.S.C. § § 1961 *et seq*. (wire fraud)]

AS FOR A THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF THE

RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

("RICO") (WIRE FRAUD) AGAINST DEFENDANTS KYRIACOS TSIRCOU

AND MARIKA TSIRCOU, AND EACH OF THEM, PLAINTIFF ALLEGES:

38.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

through 30, inclusive, of Plaintiff's Complaint with the same force and effect as

though set forth in full herein.

39.    The relevant time period for Defendant Kyriacos Tsircou's pattern of

racketeering stems from at least January of 2019, possibly earlier, through the

present, but at this point in discovery is as yet unknown and continues to the filing

of this RICO Complaint.

40.    Defendant Kyriacos Tsircou is now and was at all times relevant to

this action the RICO Person ("RICO Person") within the meaning of 18 U.S.C. § §

1961(3) and 1962(c).

**RICO Enterprise**

41.    The RICO Person (Defendant Kyri Tsircou) has used his law business

TIPL as the "enterprise" within the meaning of 18 U.S.C. §§ 1961(4), to carry out

the pattern of racketeering activity.  This enterprise consists of the RICO Person

and the RICO business, namely TIPL. This enterprise possessed and continues to

possess a common purpose and goal, a membership, organizational structure, and

an ongoing relationship between the RICO Person and the RICO business with

sufficient longevity to permit and enable pursuit of the enterprise's purpose and

long-term objective through a continuous course of conduct that affected and

continues to affect interstate commerce.

RICO COMPLAINT

42.    In addition, the RICO Person, Defendant Kyriacos Tsircou, operates an "association-in-fact enterprise" within the meaning of 18 U.S.C. §§ 1961(4) to carry out the pattern of racketeering activity. This "association-in-fact enterprise" is the RICO Family which consists of Defendant Kyriacos Tsircou and his wife, Defendant Marika Tsircou, to help and facilitate the violations alleged herein.

43.    This RICO Family enterprise possessed and continues to possess a common purpose and goal, a membership, organizational structure and an ongoing relationship between the RICO Person and those unnamed witnesses who helped facilitate the RICO Family's conduct for sufficient longevity to commit and enable pursuit of the RICO Family's enterprise's purpose and long-term objectives through a continuous course of conduct that affected and continues to affect interstate commerce.

44.    This association-in-fact enterprise of Defendants also consists of non-Defendants, as well as DOES 1 through 10, inclusive (the "RICO Family and Friends"). Plaintiff is informed and believes, and based upon such information and belief alleges, that all of the aforenamed individuals facilitated and assisted the RICO Person defined hereinabove, in carrying out the enterprise described hereinabove and herein below but their identities are not fully known to Plaintiff. Plaintiff will amend his Complaint to set forth their true names when same have been ascertained.

45.    Both the TIPL enterprise as well as the RICO Family enterprise exists separate and apart from Defendant Kyriacos Tsircou's pattern of racketeering activity and separate and apart from Defendant Marika Tsircou inasmuch as Defendant Kyriacos Tsircou and Defendant Marika Tsircou, as the RICO Person, along with TIPL, the RICO Business, the RICO Family and the RICO Family and Friends have multiple goals, not all of which are fraudulent or illegal. The lawful activity engaged in by the enterprises includes functioning as a regular business providing legal services as well as functioning as a regular family.

RICO COMPLAINT

46.     However, the RICO Persons (Defendants Kyriacos Tsircou and Marika Tsircou), along with the RICO business (TIPL), as well as the RICO Family and the RICO Family and Friends have, since at least January of 2021, used these enterprises to conduct the repetitive acts of wire fraud which comprise the pattern of racketeering, as well as the continuous acts set forth herein above, which constitute repeated violations of criminal acts of wire fraud.

47.     Defendant Kyriacos Tsircou is a "person" under the civil RICO statute because he knowingly and fraudulently masterminded, conducted and participated in the conduct, the management and the operation of the enterprise's affairs, directly or indirectly, through a pattern of wire fraud racketeering activity in violation of 18 U.S.C. § 1962(c).

48.     Defendant Marika Tsircou is a "person" under the civil RICO statute because he knowingly and fraudulently masterminded, conducted and participated in the conduct, the management and the operation of the enterprise's affairs, directly or indirectly, through a pattern of wire fraud racketeering activity in violation of 18 U.S.C. § 1962(c).

49.     As part of the wire fraud scheme, Defendants, at the direction of Defendants Kyriacos Tsircou and Marika Tsircou, in conjunction with the RICO Family, made repeated representations "that the services would be paid for but [Defendant Kyriacos] needed additional time to collect the funds owed to him."

50.     At all relevant times, the Defendants and other conspirators associated with the business enterprise and the RICO Family enterprises conducted and participated, directly or indirectly, in the conduct of the enterprises' affairs through a "pattern of racketeering activity" within the meaning of the federal RICO statute, 18 U.S.C. § 1961(5), as well as in violation of RICO, 18 U.S.C. § 1962(e).

51.     Specifically, at all relevant times, Defendant Kyriacos Tsircou and other conspiring Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) by engaging in the acts set forth above against Plaintiff, all

with the express purpose of avoiding payment of the outstanding amounts due to Plaintiff.

52.    In furtherance of this racketeering pattern, since January 1, 2020, Defendants caused monies that were due and owing to Plaintiff Trope to be transferred into bank accounts to which Plaintiff did not have access and used said funds to pay down the mortgage on the family residence located at 10 Sage Lane, Bell Canyon, California (the "Subject Real Property"), and/or cover expenses for the Subject Real Property, which property had been purchased in September of 2020 by Defendants Kyriacos Tsircou and Marika Tsircou.

53.    In addition, Defendants, as part of their racketeering activity caused monies due and owing to Plaintiff Trope to be transferred to bank accounts to which Plaintiff had no access and used said funds to pay for the extensive remodeling and repairs on the Subject Real Property; also, the funds were used to fund expensive trips to Sun Valley, Idaho (ski resort), Hawaii and Disneyland. Defendants, also as part of their racketeering activity, used the monies that rightfully belonged to Plaintiff Trope to buy Defendant Marika Tsircou a 5-carat diamond ring valued in excess of $50,000.

54.    Thus, the acts set forth above constitute a violation of one or more of the following statutes: 18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and theft/conversion).  Defendants and their accomplices and co-conspirators each committed and/or aided and abetted in the commission of two or more of these acts of racketeering activities.

55.    Defendants acts in furtherance of their wire fraud scheme to launder funds and convert same to their own use to avoid payment of the outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related and continuous.

///

56.    Each predicate act described herein above had the same or similar purpose: the predicate acts involved material misrepresentations, omissions and concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies rightfully due to it pursuant to the terms and conditions of Exhibits "1" and "2" hereto. This pattern of racketeering is separate and distinct from the legitimate business activities of RICO enterprise known as TIPL as well as separate and apart from the legitimate activities of the RICO Family, namely Defendants Kyriacos Tsircou and Markia Tsircou.

57.    Furthermore, each one of these financial transactions constitutes a separate act of illegal conduct that qualifies for invocation of the RICO statute. *See*, *e.g.*, *United States v. Prescott*, 42 F.3d 1165 (8th Cir. 1994); *United States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

58.    There is territorial jurisdiction for these violations as the transactions in question not only exceed $10,000, but also that the wire fraud was by a United States citizen and the conduct occurred in the United States.  *See* 18 U.S.C. § §1956(f), 1957(d).

59.    The acts of racketeering activity previously described constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

60.    The acts alleged were related to each other by virtue of common participants, common victims and a common result of fraud and enriching the Defendants and conspirators at Plaintiff's expense while concealing the conspirators' fraudulent activities.  The wire fraud scheme continues and would have remained unknown but for Plaintiff having discovered the fraudulent activities of Defendant Kyriacos Tsircou and his wife, Defendant Marika Tsircou, when they posted photos of their expensive trips to various resorts as well as posting photos of Defendant Marika Tsircou's 5-carat diamond ring.

///

///

61.    To date, Plaintiff has been damaged in at least the sum of Seventy-Five Thousand Dollars ($75,000) or according to proof at the time of trial plus prejudgment interest and attorneys' fees.

62.    Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover three-fold his damages, plus costs and attorneys' fees from the Defendants.

**FOURTH CLAIM FOR RELIEF**

[Violations of the Racketeering Influence and Corrupt Organizations Act ("RICO") 18 U.S.C. § § 1961 *et seq*. (conversion)]

AS AND FOR A FOURTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT ("RICO") (CONVERSION) AGAINST DEFENDANTS KYRIACOS TSIRCOU AND MARIKA TSIRCOU, AND EACH OF THEM, PLAINTIFF ALLEGES:

63.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 62, inclusive of his Complaint with the same force and effect as though set forth in full.

64.    The relevant time period for Defendants pattern of racketeering stems from at least January 2019 through the present, and possibly earlier, but at this point in discovery is as yet unknown and continues to the filing of this RICO Complaint. Defendants Kyriacou Tsircou and Marika Tsircou now are and were at all times relevant to this action the RICO Persons, ("RICO Persons") within the meaning of 18 U.S.C. § § 1961(3) and 1962(c).

65.    The RICO Person has used an association-in-fact "enterprise" within the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity.  This enterprise consists of the RICO Persons and the RICO business (Defendant TIPL) and direct family members of Defendant Kyriacos Tsircou (the "Rico Family").

66.    This enterprise possessed and continues to possess a common purpose and goal, a membership, organizational structure, and an ongoing relationship

amongst the RICO Person, the RICO business (which was incorporated by Defendant Kyriacos Tsircou in or about October 2006) and the RICO Family with sufficient longevity to permit and enable pursuit of the enterprise's purpose and long term objective through a continuous course of conduct that affected and continues to affect interstate commerce.

67.    This association-in-fact enterprise of Defendants also consists of non-Defendants DOES 1 through 10, inclusive (the "Rico Family and Friends"). Plaintiff is informed and believes, and based upon such information and belief alleges, that all of the afore-named individuals facilitated and assisted the RICO Person defined hereinabove, in carrying out the enterprise described hereinabove and hereinbelow, but their identities are as yet unknown to Plaintiff. Plaintiff will amend his Complaint to set forth their true names when same have been ascertained.

68.    This enterprise exists separate and apart from Defendants' pattern of racketeering activity inasmuch as the RICO Persons, the RICO Business, the Rico Family and the Rico Family and Friends have multiple goals, not all of which are fraudulent or illegal. The lawful activity engaged in by the TIPL enterprise includes functioning as a regular law firm providing legal services and the RICO family operates as a regular family.

69.    However, Defendants, the RICO business, the Rico Family and the Rico Family and Friends have, since at least February of 2020, used these enterprises to conduct the repetitive acts of conversion which compromise comprising the pattern of racketeering, as well as the continuous acts set forth herein above, which constitute violations of the criminal acts of conversion.

///

///

///

RICO COMPLAINT

70.    Defendants Kyriacos Tsircou and Marika Tsircou "persons" under the civil RICO statute because they knowingly and fraudulently masterminded, conducted and participated in the conduct, the management and the operation of the enterprise's affairs, directly or indirectly, through a pattern of conversion racketeering activity in violation of 18 U.S.C. § 1962(c).

71.    As part of the conversion scheme, Defendants, at the direction of Defendant Kyriacos Tsircou, in conjunction with other conspirators, used a complex scheme to transfer funds which rightfully belonged to Plaintiff pursuant to the terms and conditions of Exhibits "1" and "2" hereto to other banks in the United States.

72.    At all relevant times, the Defendants and other conspirators associated with this enterprise conducted and participated, directly or indirectly, in the conduct of the enterprise affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

73.    Specifically, at all relevant times, Defendant Kyriacos Tsircou and other conspiring Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) by engaging in the acts set forth above against Plaintiff, and other financial institutions in the marketplace all with the express purpose of avoiding payment of the outstanding amounts due to Plaintiff.

74.    In furtherance of this racketeering pattern, since February 9, 2023, Defendants caused monies to be transferred into bank accounts to which Plaintiff did not have access and used said funds to pay down the mortgage and/or cover expenses for the subject real property, which property had been purchased in September of 2020 by Defendant Kyriacos Tsircou.

///

///

///

75.    In addition, Defendants, as part of their racketeering activity also took funds, owing to Plaintiff Trope, out of the ***TIPL bank account to which Plaintiff did not have access, and transferred those funds to other accounts in banks in the United States, and said funds were also used to pay the personal expenses of Defendant Kyriacos Tsircou and Defendant Marika Tsircou***.

76.    Thus, the acts set forth above constitute a violation of one or more of the following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and theft/conversion).  Defendants and their accomplices and co-conspirators each committed and/or aided and abetted in the commission of two or more of these acts of racketeering activities.

77.    Defendant Kyriacos Tsircou's RICO conspirators' acts in furtherance of their money laundering scheme to launder funds and convert same to their own use to avoid payment of the outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related and continuous.

78.    Each predicate act described herein above had the same or similar purpose: the predicate acts involved material misrepresentations, omissions and concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies rightfully due to him pursuant to the terms and conditions of Exhibits "1" and "2" hereto. This pattern of racketeering is separate and distinct from the legitimate business activities of Defendant Kyriacos Tsircou.

79.    Defendants, indeed, have, through their misconduct described hereinabove violated 18 U.S.C. §1957, because these Defendants, or at the very least Defendants, conducted multiple monetary transactions that were criminal by nature because the funds were legally when due and owing to Plaintiff, pursuant to the terms and conditions of Exhibits "1" and "2" hereto and turned into cash and/or placed in bank accounts over which Plaintiff had no access, and that such property was in an amount greater than $10,000.  See U.S.C. §1957(f)(1).

80. These transactions included deposits, withdrawals, transfers, or exchanges, in or effecting interstate commerce, of funds or monetary instruments that by, or through, to a financial institution, including any transaction that would be defined as a transaction under 18 U.S.C. § §1956(c)(3) and 1956(c)(4).

81. Furthermore, each one of these financial transactions constitutes a separate act unless there is a pattern of illegal conduct that qualifies for invocation of the RICO statute. *See*, e.g., *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir. 1994); *United States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

82. There is extra territorial jurisdiction for these violations as the transactions in question not only exceed $10,000, but also that the money laundering was by a United States citizen and the conduct occurred in the United States. *See* 18 U.S.C. § §1956(f), 1957(d).

83. The acts of racketeering activity previously described constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

84. The acts alleged were related to each other by virtue of common participants, common victims and a common result of fraud and enriching the Defendants and conspirators at Plaintiff's expense while concealing the conspirators' fraudulent activities. The money laundering scheme continues and would have remained unknown but for Plaintiff having discovered the fraudulent activities when he attempted to obtain payment for his previously rendered services.

85. To date, Plaintiff has been damaged in at least the sum of Seventy-Five Thousand Dollars ($75,000) or according to proof at the time of trial plus prejudgment interest and attorneys' fees.

86. Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover three-fold its damages, plus costs and attorneys' fees from the Defendants.

///

///

///

RICO COMPLAINT

# FIFTH CLAIM FOR RELIEF

### (Fraud and Deceit - Intentional Misrepresentation - Suppression of Fact)

AS AND FOR A FIFTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT - INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT, AGAINST ALL DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

87.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 86, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

88.    Plaintiff is informed and believes, and based upon such information and belief alleges, that commencing on June 1, 2021 and continuing through the present, Defendants, and each of them, through Defendants Kyriacos Tsircou and Marika Tsircou, falsely, fraudulently and intentionally made the representations telephonically and in writing via email and text as set forth in Paragraphs 12 through 25 hereinabove and as evidenced by Exhibits "1" through "4" hereto.

89.    The representations made by Defendants, and each of them, were in fact false, fraudulent and intentional.  The true facts were that Defendants, and each of them, through Defendants Kyriacos Tsircou and Marika Tsircou, knew, at the time they made the foregoing false and fraudulent representations that Defendants had no intention of paying the outstanding amounts due to Plaintiff and in truth and in fact it was a "scheme" orchestrated by Defendants to deprive Plaintiff of the monies to which it was rightfully entitled.

90.    All of the false and fraudulent representations were made by Defendants, through Kyriacos Tsircou and Marika Tsircou, to induce Plaintiff into continuing to provide hundreds of hours of legal services so that Defendants, and each of them, could divert the funds received from Defendants' clients in payment of invoices to their own use and benefit.

///

91.    Plaintiff is further informed and believes and based thereon alleges that Defendants never had any intention whatsoever of paying Plaintiff any additional sums on his outstanding invoices, but rather always intended to keep the $75,000.00 in services advanced by Plaintiff and convert same to their own use and benefit.

92.    When Defendants, and each of them, intentionally made these false and fraudulent representations they knew them to be false, and these false and fraudulent representations were made by Defendants, and each of them, with the intent to defraud and deceive Plaintiff, and with the intent to induce Plaintiffs to act in the manner herein alleged.

93.    Plaintiff, at the time of these false and fraudulent representations intentionally made by Defendants, and each of them, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true.

94.    In justifiable reliance on these false and fraudulent representations, Plaintiff was induced to and did provide legal services.  Had Plaintiff known the actual facts, it would never have continued to provide hundreds of hours of legal services.  Plaintiff's reliance on Defendants' false and fraudulent representations was justified because Defendants had timely paid Plaintiff the monies due for previous invoices.

95.    As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiff was deprived of the monies to which it was rightfully entitled, all to Plaintiff's damage in at least the sum of Seventy Five Thousand Dollars ($75,000.00) plus interest, plus costs according to proof and attorneys' fees according to proof but in at least the sum of $75,000.00, or in an amount to be determined at trial.

96.    The aforementioned conduct of Defendants, and each of them, was intentional misrepresentation, deceit or concealment of a material fact known to the

Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages, as well as an award of attorneys' fees to the extent allowed by law.

## SIXTH CLAIM FOR RELIEF

(Fraud and Deceit - Negligent Misrepresentation - Suppression of Fact)

AS AND FOR A SIXTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT - NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT, AGAINST ALL DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

97.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 96, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

98.    In order to state a claim for negligent misrepresentation, Plaintiff must plead: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) within intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Apollo Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (2007).  "Negligent misrepresentation is a species of fraud or deceit specifically requiring an assertion." *Wilson v. Century* 21, 15 Cal.App.4th 298, 306 (1993).  Yet unlike an allegation of fraud, "negligent misrepresentation does not require knowledge of falsity." *Apollo*, 158 Cal.App.4th at 243.  Moreover, the Ninth Circuit has not yet decided whether the heightened pleading requirements under Rule 9 applied in negligent misrepresentation claims. *Petersen v. Allstate Indemnity Co*., 281 F.R.D. 413, 418-19 (C.D. Cal. 2012).

99.    In light of the fact that Plaintiff has stated and set forth a valid claim for fraud against the Defendants based on the facts alleged hereinabove, we ask the

Court to also find that Plaintiff has stated a claim for negligent misrepresentation. *See Cisco Systems, Inc. v. Tsai*, 215 W.L. 1273249 at *5 (C.D. Cal. January 9, 2015) (confirming claim for negligent misrepresentation can be established by the same elements of fraud but without the knowledge element).

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

AS AND FOR AN SEVENTH CLAIM FOR RELIEF FOR CONVERSION AGAINST ALL DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

100.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 99, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

101.   From on or about June 1, 2021 through the present, Plaintiff was and still is the owner of and entitled to possession of the $75,000.00 taken by Defendants.

102.   From on or about at least June 1, 2021 through the present, the above-mentioned property had a value of at least $75,000.00.

103.   From on or about at least June 1, 2021 through the present, Defendants, and each of them, took the above-mentioned property from Plaintiff and converted the same to their own use and benefit.

104.   From on or about April 3, 2023 through the present, when Plaintiff first realized that Defendants, and each of them, had taken Plaintiff's monies/property and converted same to their own use and benefit, Plaintiff demanded, orally and in writing, that Defendants immediately turn over the above-mentioned property to Plaintiff but Defendants, and each of them, to date, have failed and refused and continue to fail and  refuse to do so.

///

///

RICO COMPLAINT

105.    As a proximate result of Defendants' conversion, Plaintiff has been deprived of the use and benefit to be derived from the property converted, all to Plaintiff's damage in at least the sum of $75,000.00 or according to proof at the time of trial.

106.    Since Defendants, and each of them, knew that Plaintiff needed the aforesaid property, and that it would incur substantial hardship and expenses as a result of the conversion of the property belonging to Plaintiff by Defendants, and each of them, to themselves for their own use and benefit, the aforementioned conduct of Defendants, and each of them, was done with the intention on the part of the Defendants of depriving Plaintiff of its  property and/or legal rights and otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

**EIGHTH CLAIM FOR RELIEF**

[Voidable Transaction – California Civil Code Section 3439.04(a)(1)]

AS AND FOR AN EIGHTH CLAIM FOR RELIEF TO SET ASIDE TRANSACTIONS MADE WITH ACTUAL INTENT TO HINDER, DELAY OR DEFRAUD A CREDITOR AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

107.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 106, inclusive, of his Complaint with the same force and effect as though set forth in full.

108.    As alleged herein, Plaintiff during the course of his relationship with Defendants, provided over $80,000 in legal services for which he was never paid despite repeated assurances from Defendants of payment.  Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants transferred funds collected from clients of TIPL, and transferred said funds to the personal bank accounts of Defendants with said funds used to pay for:

     a.   mortgage payments on the principal residence located at 10 Sage Lane, Bell Canyon CA 91307 (the "Subject Real Property");

     b.   extensive remodeling to the Defendants' principal residence located at 10 Sage Lane, Bell Canyon CA 91307;

     c.   expensive family trips to Hawaii, Sun Valley, Idaho (high end ski-resort);

     d.   a 5-carat diamond ring;

109.    There was no consideration received for the illegal transference of these funds except for the purpose and with actual intent of hindering, delaying or defrauding Plaintiff in the collection of Plaintiff's claims against Defendants Kyriacos Tsircou and Marika Tsircou.

110.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants remain in possession or control of:

     a.   the real estate described hereinabove;

     b.   the 5-carat diamond ring; and

     c.   such other funds not yet consumed by Defendants, with said funds rightfully belonging to Plaintiff Trope.

111.    Plaintiff is informed and believes, and based upon such information and belief alleges, that the aforementioned transfer of the Monies received by and through Defendant TIPL, where Defendant Kyriacos Tsircou is the sole managing member, was made with actual intent to hinder, delay, or defraud Plaintiff in that the transfer of the Monies was to insiders, i.e., Defendants Kyriacos Tsircou and Marika Tsircou, his wife.

112.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants Kyriacos and Marika retained possession and/or control of the Monies transferred to Defendant TIPL in that most, if not all of the monies were used to:

///

///

RICO COMPLAINT

a.   maintain and renovate the principal family residence located at 10 Sage Lane, Bell Canyon CA 91307 (the "Subject Real Property"), which is owned by Defendants Kyriacos Tsircou and Marika Tsircou;

b.   to pay for several family vacations to Hawaii, Disneyland, Sun Valley, Idaho;

c.   to purchase a 5 carat ring;

113.   The transfer of the Monies (which is believed to be in excess of $80,000) was never disclosed to Plaintiff.

114.   As a result of the foregoing, Plaintiff has been damaged in the sum of at least Seventy Five Thousand Dollars ($75,000).

115.   Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant TIPL conduct as the transferor to Defendants Kyriacos Tsircou and Marika Tsircou conduct as the transferees of the Monies as alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

116.   At all times mentioned herein, Defendants, and each of them, knew of Plaintiff's claims against Defendant TIPL, and Defendant Kyriacos Tsircou. Defendants, and each of them, knew that Plaintiff's claims could be satisfied by levy on the Monies converted by Defendants, and each of them.  Notwithstanding this knowledge, Defendants, and each of them, intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.

117.   The aforementioned conduct was made with the intention on the part of the Defendants named herein of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages against Defendants, and each of them.

///

///

**NINTH CLAIM FOR RELIEF**

(Voidable Transaction – California Civil Code Section 3439.04(a)(2))

AS AND FOR A NINTH CLAIM FOR RELIEF TO SET ASIDE A TRANSACTION MADE WITHOUT RECEIVING REASONABLY EQUIVALENT VALUE IN EXCHANGE FOR THE TRANSFER AS AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

118.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 117, inclusive, of his Complaint with the same force and effect as though set forth in full.

119.    As alleged herein, Plaintiff during the course of his relationship with Defendants, provided over $75,000 in legal services for which he was never paid despite repeated assurances from Defendants of payment.  Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants transferred funds collected from clients of TIPL, and transferred said funds to the personal bank accounts of Defendants with said funds used to pay for:

a.    mortgage payments on the principal residence located at 10 Sage Lane, Bell Canyon CA 91307;

b.    extensive remodeling to the Defendants' principal residence located at 10 Sage Lane, Bell Canyon CA 91307;

c.    expensive family trips to Hawaii, Sun Valley, Idaho (high end ski-resort);

d.    a 5-carat diamond ring;

120.    There was no consideration received for the illegal transference of these funds except for the purpose and with actual intent of hindering, delaying or defrauding Plaintiff in the collection of Plaintiff's claims against Defendants Kyriacos Tsircou and Marika Tsircou.

121.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants remain in possession or control of:

a.    the real estate described hereinabove;

b.    the 5-carat diamond ring; and

c.    such other funds not yet consumed by Defendants, with said funds rightfully belonging to Plaintiff Trope.

122.    Plaintiff is informed and believes, and based upon such information and belief alleges, that the aforementioned transfer of the Monies received by and through Defendant TIPL, where Defendant Kyriacos Tsircou is the sole managing member, was made with actual intent to hinder, delay, or defraud Plaintiff in that the transfer of the Monies was to insiders, i.e., Defendants Kyriacos Tsircou and Marika Tsircou, his wife.

123.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants Kyriacos and Marika retained possession and/or control of the Monies transferred to Defendant TIPL in that most, if not all of the monies were used to:

a.    maintain and renovate the principal family residence located at 10 Sage Lane, Bell Canyon CA 91307, which is owned by Defendants Kyriacos Tsircou and Marika Tsircou;

b.    to pay for several family vacations to Hawaii, Disneyland, Sun Valley, Idaho;

c.    to purchase a 5-carat ring;

124.    The transfer of the Monies (which is believed to be in excess of $80,000) was never disclosed to Plaintiff.

125.    As a result of the foregoing, Plaintiff has been damaged in the sum of at least Seventy-five dollars ($75,000).

126.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant TIPL conduct as the transferor to Defendants Kyriacos Tsircou and Marika Tsircou conduct as the transferees of the Monies as alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

127.    At all times mentioned herein, Defendants, and each of them, knew of Plaintiff's claims against Defendant TIPL, and Defendant Kyriacos Tsircou. Defendants, and each of them, knew that Plaintiff's claims could be satisfied by levy on the Monies converted by Defendants, and each of them.  Notwithstanding this knowledge, Defendants, and each of them, intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.

128.    The aforementioned conduct was made with the intention on the part of the Defendants named herein of thereby depriving Plaintiff of property or legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages against Defendants, and each of them.

## TENTH CLAIM FOR RELIEF

(Voidable Transaction – California Civil Code Section 3439.05)

AS AND FOR A TENTH CLAIM FOR RELIEF TO SET ASIDE A TRANSACTION MADE WITHOUT RECEIVING REASONABLY EQUIVALENT VALUE IN EXCHANGE FOR THE TRANSFER LEAVING THE DEBTOR INSOLVENT AS AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

129.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 128, inclusive, of his Complaint with the same force and effect as though set forth in full.

130.    As alleged herein, Plaintiff during the course of his relationship with Defendants, provided over $75,000 in legal services for which he was never paid despite repeated assurances from Defendants of payment.  Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants transferred funds collected from clients of TIPL, and transferred said funds to the personal bank accounts of Defendants with said funds used to pay for:

RICO COMPLAINT

a.    mortgage payments on the principal residence located at 10 Sage Lane, Bell Canyon CA 91307;

b.    extensive remodeling to the Defendants' principal residence located at 10 Sage Lane, Bell Canyon CA 91307;

c.    expensive family trips to Hawaii, Sun Valley, Idaho (high end ski-resort) and Disneyland;

d.    a 5-carat diamond ring,

131.    There was no consideration received for the illegal transference of these funds except for the purpose and with actual intent of hindering, delaying or defrauding Plaintiff in the collection of Plaintiff's claims against Defendants Kyriacos Tsircou and Marika Tsircou.

132.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants remain in possession or control of:

a.  the real estate described hereinabove;

b.  the 5-carat diamond ring; and

c.  such other funds not yet consumed by Defendants, with said funds rightfully belonging to Plaintiff Trope.

133.    Plaintiff is informed and believes, and based upon such information and belief alleges, that the aforementioned transfer of the Monies received by and through Defendant TIPL, where Defendant Kyriacos Tsircou is the sole managing member, was made with actual intent to hinder, delay, or defraud Plaintiff in that the transfer of the Monies was to insiders, i.e., Defendants Kyriacos Tsircou and Marika Tsircou, his wife.

134.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants Kyriacos and Marika retained possession and/or control of the Monies transferred to Defendant TIPL in that most, if not all of the monies were used to:

RICO COMPLAINT

a. maintain and renovate the principal family residence located at 10 Sage Lane, Bell Canyon CA 91307, which is owned by Defendants Kyriacos Tsircou and Marika Tsircou;

b. to pay for several family vacations to Hawaii, Disneyland, Sun Valley, Idaho;

c. to purchase a 5-carat ring;

135.    The transfer of the Monies (which is believed to be in excess of $80,000) was never disclosed to Plaintiff.

136.    As a result of the foregoing, Plaintiff has been damaged in the sum of at least Seventy Five Thousand Dollars ($75,000).

137.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant TIPL conduct as the transferor to Defendants Kyriacos Tsircou and Marika Tsircou conduct as the transferees of the Monies as alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

138.    At all times mentioned herein, Defendants, and each of them, knew of Plaintiff's claims against Defendant TIPL, and Defendant Kyriacos Tsircou. Defendants, and each of them, knew that Plaintiff's claims could be satisfied by levy on the Monies converted by Defendants, and each of them.  Notwithstanding this knowledge, Defendants, and each of them, intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.

139.    The aforementioned conduct was made with the intention on the part of the Defendants named herein of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages against Defendants, and each of them.

///

///

RICO COMPLAINT

**ELEVENTH CLAIM FOR RELIEF**

(Unjust Enrichment and Imposition of Constructive Trust)

AS FOR AN ELEVENTH CLAIM FOR RELIEF BASED ON UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST AGAINST ALL DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

140.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 139, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

141.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have received a benefit at Plaintiff's expense.

142.   As alleged herein, as a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has been damaged in at least the sum of $75,000.00 or an amount to be proved at trial together with interest thereon.

143.   As further alleged herein, Defendants, and each of them, have enjoyed a benefit as alleged in this Complaint to the detriment of Plaintiff. Plaintiff is informed and believes and thereon alleges that the benefits conferred upon Defendants, and each of them, was the result of mistake, fraud or coercion, or request, thus making their enrichment unjust.

144.   Accordingly, in order to protect the Plaintiff, pending the final resolution of this action, Plaintiff requests that the Court impose a Constructive Trust over a sufficient amount of Defendants' assets and resources in order to ensure that Plaintiff is made whole at the conclusion of this action.

WHEREFORE, Plaintiff prays for relief as follows:

**FOR THE FIRST CLAIM FOR RELIEF FOR BREACH OF WRITTEN CONTRACT AS TO DEFENDANTS, KYRIACOS TSIRCOU, AND MARIKA TSIRCOU AND DOES 1 THROUGH 10, INCLUSIVE:**

1.      For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00) or an amount to be proved at trial;

2.      For interest on the sum of $75,000.00 at the interest rate of 10% per annum from and after the Invoice due dates set forth in Exhibit "4"; and

3.      For attorneys' fees in at least the sum of $75,000.00 or according to proof at the time of trial;

**FOR THE SECOND CLAIM FOR RELIEF FOR BREACH OF ORAL CONTRACT AS TO DEFENDANTS KYRIACOS TSIRCOU, MARIKA TSIRCOU AND DOES 1 THROUGH 10, INCLUSIVE:**

4.      For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00) or an amount to be proved at trial;

5.      For interest on the sum of $75,000.00 at the interest rate of 10% per annum from and after the Invoice due dates set forth in Exhibit "4"; and

6.      For attorneys' fees in at least the sum of $75,000.00 or according to proof at the time of trial;

**FOR THE THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF THE RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION ("RICO") (WIRE FRAUD) AGAINST DEFENDANTS AND EACH OF THEM:**

7.      For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00) or an amount to be proved at trial;

8.      For interest on the sum of $75,000.00 at the interest rate of 10% per annum from and after the Invoice due dates set forth in Exhibit "4";

9.      For treble damages as provided under the RICO statute in the amount of $225,000; and

10.     For attorneys' fees in at least the sum of $75,000.00 or according to proof at the time of trial;

///

///

///

RICO COMPLAINT

**FOR THE FOURTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION ("RICO") (CONVERSION) AGAINST DEFENDANTS AND EACH OF THEM:**

11.     For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00) or an amount to be proved at trial;

12.     For interest on the sum of $75,000.00 at the interest rate of 10% per annum from and after the Invoice due dates set forth in Exhibit "4"; and

13.     For attorneys' fees in at least the sum of $75,000.00 or according to proof at the time of trial;

14.     For treble damages as provided under the RICO statute in the amount of $225,000; and

15.     For attorneys' fees to the extent permitted by law;

**FOR THE FIFTH CLAIM FOR RELIEF FOR FOR FRAUD AND DECEIT - INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT AGAINST DEFENDANTS, AND EACH OF THEM:**

16.     For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00) or an amount to be proved at trial;

17.     For attorneys' fees in at least the sum of $75,000.00 or according to proof at the time of trial;

18.     For interest on the sum of $75,000.00 at the interest rate of 10% per annum from and after the Invoice due dates set forth in Exhibit "4"; and

19.     For punitive and exemplary damages according to proof at the time of trial;

20.     For attorneys' fees to the extent permitted by law;

**FOR THE SIXTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT - NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT AGAINST DEFENDANTS, AND EACH OF THEM:**

21.    For damages in at least the sum of Seventy-Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

22.    For punitive and exemplary in an amount to be determined at trial;

**FOR THE SEVENTH CLAIM FOR RELIEF FOR CONVERSION AGAINST DEFENDANTS, AND EACH OF THEM:**

23.    For damages in at least the sum of Seventy Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

24.    For punitive and exemplary damages according to proof at the time of trial;

**FOR THE EIGHTH CLAIM FOR RELIEF FOR VOIDABLE TRANSACTION – CALIFORNIA CIVIL CODE SECTION 3439.04(A)(1) AGAINST DEFENDANTS, AND EACH OF THEM**

25.    For damages in at least the sum of Seventy Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

26.    For punitive and exemplary damages according to proof at the time of trial;

**FOR THE NINTH CLAIM FOR RELIEF FOR VOIDABLE TRANSACTION – CALIFORNIA CIVIL CODE SECTION 3439.04(a)(2) AGAINST DEFENDANTS, AND EACH OF THEM**

27.    For damages in at least the sum of Seventy Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

28.    For punitive and exemplary damages according to proof at the time of trial;

**FOR THE TENTH CLAIM FOR RELIEF FOR VOIDABLE TRANSACTION – CALIFORNIA CIVIL CODE SECTION 3439.05 AGAINST DEFENDANTS, AND EACH OF THEM**

29.    For damages in at least the sum of Seventy Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

30.     For punitive and exemplary damages according to proof at the time of trial;

**FOR THE ELEVENTH CLAIM FOR RELIEF FOR UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST AGAINST DEFENDANTS, AND EACH OF THEM:**

31.     For damages in at least the sum of Seventy Five Thousand Dollars ($75,000.00), or in an amount to be proved at trial;

32.     For imposition of a constructive trust over a sufficient amount of Defendants' assets and resources in order to ensure that Plaintiff is made whole at the conclusion of this action;

**FOR ALL CLAIMS FOR RELIEF:**

33.     For costs of suit incurred herein; and

34.     For any such other and further relief as this Honorable Court deems just and proper.


DATED:  October 30, 2023          TROPE LAW GROUP, P.C.


_____
KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFF

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.


DATED:   October 30, 2023          TROPE LAW GROUP, P.C.


_____
KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFF

RICO COMPLAINT